UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAIKEL POMO BERMUDEZ (A-055-467-745),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION CENTER, et al.,

Respondents.

No. 1:26-cv-7310 DC CSK

ORDER

Petitioner, an immigration detainee proceeding without counsel, filed a filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a request to proceed in forma pauperis.[1] Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a). Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

[1] Petitioner's prior § 2241 case, Pomo Bermudez v. Warden, No. 1:26-cv-6137 VC (E.D. Cal.), was dismissed based on the first-to-file rule because petitioner's first petition was pending in Florida. No. 1:26-cv-6137 VC (ECF No. 10). The case was dismissed without prejudice to petitioner filing a renewed habeas petition upon changed circumstances. (Id.) A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents are directed to show cause why the writ should not be granted by filing an answer or motion to dismiss within 7 days from the date of this order. See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The request of petitioner Maikel Pomo Bermudez (A-055-467-745), to proceed in forma pauperis (ECF No. 2) is granted.

2. Respondents are directed to file an answer or motion to dismiss within 7 days from the date of this order. Respondents are warned that the failure to respond to the petition will be interpreted as non-opposition to granting the relief requested in the habeas petition.

3. Petitioner's reply/traverse to an answer or opposition to a motion to dismiss, if any, is due within 10 days after being served with a copy of respondents' answer or motion to dismiss. A reply by respondents to an opposition to a motion to dismiss is due within 7 days after being served with the opposition.

4. Each party proceeding without counsel shall keep the court informed of the current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. L.R. 182(f).

Dated: September 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/berm7310.100.2241.imm